IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,298-01






EX PARTE JOHNNIE DEMPSEY WOOD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3801 IN THE 394TH DISTRICT COURT


FROM BREWSTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of family violence
assault and aggravated assault. He was sentenced to fifteen year's incarceration for family violence
and thirty years' imprisonment for aggravated assault. The Eighth Court of Appeals affirmed his
convictions. Wood v. State, No. 08-07-00001-CR (Tex. App.-El Paso December 18, 2009).

 Applicant contends that he was incompetent to stand trial and that his trial counsel rendered
ineffective assistance by failing to have him evaluated for competency. 

 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether Applicant's behavior or actions should have
led counsel to believe he might not be competent to stand trial. The trial court shall make findings
as to whether Applicant was evaluated for competency prior to trial and if not, why not. The trial
court shall make findings of fact and conclusions of law as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 19, 2012

Do not publish